IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GILDA H. DAVIS and § | | |
| JOSEPH DAVIS, JR. § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:10CV172 LG-RHW |
| § | | |
| BILOXI PUBLIC SCHOOL § | | |
| DISTRICT, ET AL. § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS AND
ISSUING ANTI-SUIT INJUNCTION**

BEFORE THE COURT are the Defendants' Motion [11] to Dismiss or, in the Alternative, for Summary Judgment, and Motion [14] for Injunctive Relief and Sanctions. The Plaintiffs filed responses, and the Defendants have replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that Plaintiffs' are barred by *res judicata* and the applicable statute of limitations, and therefore the Motion to Dismiss should be granted. Further, Defendants have shown that the Plaintiffs have engaged in a pattern of needless and harassing litigation. Accordingly, the Motion for Injunctive Relief will be granted. The request for sanctions will be denied at this time.

FACTS AND PROCEDURAL HISTORY

Joseph and Gilda Davis brought this suit *pro se*, alleging wrongful termination and non-renewal of their employment. In addition, they make a number of tort claims against the Defendants, all of whom are affiliated with the Biloxi Public School District. Plaintiffs do not allege any specific facts describing or supporting Joseph's

claims, but make two factual allegations regarding Gilda: that she "suffered personal injury on May 26, 2004, in the school gymnasium while on the job, requiring hospitalization, rehabilitation and extended physical therapy; and on April 29, 2004, she was "denied re-employment for the upcoming next year 2004-2005." They allege they are "a class minority secured by the Constitution of the United States of America." Their civil rights claims are brought pursuant to the ADEA, Title VII, and 42 U.S.C. § 1983. They appear to bring a claim of negligence as well.

Plaintiffs brought a similar suit against identical Defendants in 2007 in the County Court of Harrison County, Mississippi. The only difference between the complaints is that Gilda's allegation she was injured in the school gymnasium in 2004 does not appear in the earlier Harrison County complaint. The Harrison County Court Judge entered a Judgment of Dismissal of the earlier suit, finding all claims by Gilda Davis barred by the applicable statutes of limitation.

The Harrison County Court Judge also set out the extensive history of Joseph Davis's litigation against the Biloxi Public School District:

> This subject case by Joseph Davis, Jr. is the third such attempt premised on his contentions that he was wrongfully discharged from his employment with the Biloxi School District as a teacher aide. The first was filed in 2004 in the Circuit Court for the Second Judicial District of Harrison County, Mississippi. That case which was heard by then Circuit Judge Robert H. Walker was dismissed by Judgment entered April 19, 2004. The Plaintiff, Joseph Davis, Jr. feeling aggrieved from the dismissal of his claims by the Circuit Judge Walker filed an appeal with the Mississippi Supreme Court. The Mississippi Supreme Court referred the case to the Court of Appeals of Mississippi which entered its opinion/decision on December 22, 2005 upholding the Judgment of the Circuit Court of Harrison County finding that the Biloxi School District had the discretion to terminate Joseph Davis, Jr. for any reason in that

he was an at will employee and not a licensed teacher or otherwise someone who had a contract for employment. *See* 937 So. 2d 459. Feeling aggrieved by the determination of the Court of Appeals of Mississippi, Joseph Davis, Jr. sought rehearing by the Court of Appeals, applied for a writ of certiorari to the Mississippi Supreme Court and even petitioned to the United States Supreme Court for certiorari relief - all of which were denied.

Undeterred by his repeated losses in the various appellate courts, Joseph Davis, Jr. again filed a lawsuit against the Biloxi Public School District and its Board of Trustees in the Circuit Court for the Second Judicial District of Harrison County, Mississippi again premised on his asserted wrongful termination plus a variety of other claims which seem to be exactly the same claims raised in the subject case filed in County Court in May of 2007. On November 15, 2007, Circuit Judge Roger T. Clark dismissed the second Circuit Court lawsuit filed by Joseph Davis, Jr. premised on his termination as a teacher aide with the Biloxi Public School District. The claims were dismissed on the grounds of *res judicata*, collateral estoppel and applicable statute of limitations. *See Joseph Davis, Jr. v. Biloxi Public School District, et al.*, Civil Action No. A2402-07-36, Circuit Court of the Second Judicial District of Harrison County, Mississippi.

Characterizing the complaint before him as "a third bite from the proverbial apple," the County Court Judge dismissed Joseph's claims on the basis of res judicata, collateral estoppel and statutes of limitation. Plaintiffs lost on their appeal to the Circuit Court of Harrison County, and their petition for review is now pending before the Mississippi Supreme Court. *Gilda H. Davis v. Biloxi Public School District*, Case No. 2010-CA-338-COA (Feb. 22, 2010).

Three months prior to filing this suit, Joseph Davis filed another complaint in this Court. *Davis v. Bank of America Corp.*, Cause No. 1:10cv23-HSO-JMR (S.D. Miss. Jan. 13, 2010). His claims in that suit involve garnishment of his wages and termination from employment with the Biloxi Public School District.

DISCUSSION

The Defendants urge dismissal or summary judgment on a number of grounds: *res judicata* and collateral estoppel; statute of limitations; insufficient service of process; and the legal insufficiency of Gilda's personal injury claim. Because the Court finds that Plaintiffs' claims are barred by statutes of limitation and *res judicata*, it is unnecessary to examine the alternative grounds for dismissal.

RES JUDICATA

The Legal Standard:

As a preliminary matter, the Court notes that generally a party cannot base a Rule 12(b)(6) motion on *res judicata*; it must be pleaded as an affirmative defense. *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). However, the Fifth Circuit has articulated a couple of instances where *res judicata* may be considered when a party raises the defense through a Rule 12(b)(6) motion. First, a dismissal pursuant to Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings. *See Kan. Reinsurance Co. v. Mktg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Lexxus Int'l, Inc. v. Loghry*, 512 F. Supp. 2d 647, 668-69 (N.D. Tex. 2007). Matters of which the Court may take judicial notice, matters in the public record, and items appearing in the record of the case all may be considered along with the pleadings in Rule 12(b)(6) determinations. *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008). Alternatively, if the elements of *res judicata* are not apparent on the face of the

complaint, or if the Court considers documents outside those properly considered when weighing a Rule 12(b)(6) motion, the Court may treat the motion to dismiss as one for summary judgment instead without committing reversible error. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 972 (5th Cir. 1986). In the present case, the elements of *res judicata* are apparent from the pleadings and matters of which the Court may take judicial notice. Therefore, the Court evaluates Defendants' motion under the Rule 12(b)(6) standard and will not convert it to a motion for summary judgment pursuant to Rules 12(b) and 56.

Joseph Davis's Claims and Res Judicata:

Under the doctrine of *res judicata*, once a judgment is rendered by a court of competent jurisdiction, that judgment is thereafter considered the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). Therefore, after a final judgment in favor of a defendant, *res judicata* operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, even if the plaintiff asserts additional facts or proceeds under a different legal theory. *Mock v. Epps*, 2006 WL 1050534 at *1 (N.D. Miss. Apr. 20, 2006) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). A prior state court decision is given the same preclusive effect in a subsequent federal court action as it would be given by the courts of the state in which the prior ruling was entered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84-85 (1984).

In Mississippi, the doctrine of *res judicata* bars the relitigation of all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit, if four identities are present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989) (quoting *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982)); *see also Johnson v. Howell,* 592 So. 2d 998, 1002 (Miss.1991).  In addition to these four identities, *res judicata* applies only to judgments which are final and on the merits. *Anderson v. LaVere*, 895 So. 2d 828, 833 (Miss. 2004).  This additional element is met in regard to Joseph Davis's claims related to his employment with the Biloxi Public School District because he received a final judgment on the merits from the Mississippi Court of Appeals in 2005.  The judgment against Gilda is on appeal and not yet final.

*1. Identity of the Subject Matter of the Action*

"The doctrine of res judicata bars a second action between the same parties on the subject matter directly involved in the prior action."  *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005).  After reviewing the state court documents provided by the Defendants and the Complaint filed in this case, the Court notes the obvious similarities.  The complaints share whole paragraphs in common.  Although Gilda's claims are clearly set out in the instant Complaint, Joseph's claims can only be inferred from the overall content of the Complaint.  The Davis's response

to the Defendants' Motion does not provide any additional information about their claims. Joseph's implied claims involve the same subject matter as his previous state court litigation - the termination of his employment with the Biloxi Public School District. Accordingly, this identity is met.

*2. Identity of the Cause of Action*

This identity requires the "cause of action" in both suits to be the same, and is met when commonality is found in the underlying facts and circumstances for which the claim is asserted and relief is sought. *Black v. City of Tupelo*, 853 So. 2d 1221, 1225 (Miss. 2003); *In re Estate of Bell*, 976 So. 2d 965, 968 (Miss. Ct. App. 2008). The facts and circumstances surrounding the Biloxi Public School District's termination of Joseph Davis's employment comprise one distinct event. This event provided Joseph with a number of possible theories of recovery, but only one cause of action. The distinction "is indeed very important and requires that the parties, as well as the courts, distinguish between what body of fact constitutes a claim and what legal theories attach to that body of fact." *Harrison*, 891 So. 2d at 233. There is only one "body of fact" underlying all of the claims made in Joseph Davis's state and federal lawsuits. Therefore, the "cause of action" identity is met.

*3. Identity of the parties to the cause of action.*

"To satisfy the identity [of parties] element, strict identity of the parties is not necessary." *Harrison*, 891 So. 2d at 236 (citing *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1173 (5th Cir.1992). Nevertheless, all of the Defendants in this case were

also named in the Harrison County Court action. Accordingly, there is complete identity of the parties to the cause of action.

*4. Identity of the quality or character of a person against whom the claim is made.*

The Mississippi Supreme Court has not explicitly defined the identity of the quality or character of a person against whom the claim is made. *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087 (¶15) (Miss. 2009) ("we are unable to locate any caselaw that *specifically* states what must be established to meet this prong of the res judicata test."). However, as the defendants and Joseph's claims are identical, it appears that the "quality or character" of the defendants in this case is identical to the "quality or character" of the defendants throughout the state proceedings. As such, the identity of the quality or character of the person against whom the claim is made is present.

Having found that all four of the identities necessary for the application of *res judicata* in Mississippi are present in this case, the Court concludes that the Defendants' Motion to Dismiss on the basis of *res judicata* should be granted. *Res judicata* bars all of the claims Joseph Davis has brought in this federal lawsuit. All either were, or should have been, included in his state court proceedings. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 594 (5th Cir. 2006) (Mississippi courts share concurrent subject matter jurisdiction with federal courts in the enforcement of federally created rights).

LIMITATIONS

Joseph Davis's employment with the Biloxi Public School District was

-8-

terminated on or about September 4, 2003.  Any tort claim against the Defendants was required to have been filed within one year of that date.  MISS. CODE § 11-46-11(3).  All claims pursuant to 42 U.S.C. §§ 1981 and 1983 were required to have been filed within three years of September 2003.  *Cuvillier v. Taylor*, 503 F.3d 397, 401-02  (5th Cir. 2007).  The employment discrimination statutes cited in the Complaint have much shorter limitation periods.  *See* 29 U.S.C. § 626(d)(1) & (e) (ADEA), 42 U.S.C. § 2000e-5(f)(1) (Title VII).  Clearly, Joseph's claims were filed well beyond all applicable limitation periods and are barred thereby.

Gilda Davis alleges injuries occurring on April 29, 2004, when she was notified she would not be re-employed the following school year, and on May 26, 2004, when she was injured in the school gymnasium.  The latest Gilda could file claims based on these events was on or about May 27, 2007.  This lawsuit, filed April of 2010, is almost three years too late.

Therefore, to the extent Plaintiffs' claims are not barred by *res judicata*, they are barred by statutes of limitation.  The Defendants' Motion to Dismiss will be granted on those grounds.

INJUNCTIVE RELIEF AND SANCTIONS

The Defendants request an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, enjoining Plaintiffs from filing any further suits against them without first obtaining permission from the Court.  They state that Joseph and Gilda are *pro se*, have a long history of frivolous lawsuits, their motive is harassment, the litigation imposes an unnecessary burden on the Court, and they have no reasonable expectation

of success.

The All Writs Act authorizes the Court to issue an injunction restricting future suits by litigants with a history of frivolous, repetitious and harassing litigation. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). "A 'court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others,' and a litigant 'can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.'" *Maid of the Mist Corp. v. Alcatraz Media, LLC*, 388 Fed. Appx. 940, 942 (11th Cir. 2010) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)). The Court may also enjoin further lawsuits in state courts if that is necessary to "protect or effectuate its judgments." 28 U.S.C. § 2283; *Liberty Mut. Ins. Co. v. Gunderson*, 305 Fed. Appx. 170, 174 (5th Cir. 2008).

The Defendants argue they have been forced to defend against Plaintiffs' claims, particularly Joseph's claims, multiple times since 2003. Joseph appealed the initial determination against him on the merits through every available court level, up to and including the United States Supreme Court, and the decision was never disturbed. Since then, Joseph filed four lawsuits against the Defendants, all involving his termination from employment. This is Gilda's second lawsuit involving her time-barred claims against the Defendants. Both Joseph and Gilda have been advised by written judgments that their claims are barred by operation of law, and they have no chance of prevailing. Yet, they have ignored these judgments of the Mississippi courts and filed two cases based on the same facts in this Court. This prior history of filing

successive claims based upon the same facts calls into question the Plaintiffs motives. It also causes the Court to harbor serious doubts concerning Plaintiffs' willingness to respect a final judgment dismissing, once again, their claims. Accordingly, an anti-suit injunction is appropriate. However, the Court declines to award Defendants' costs and attorneys fees as sanctions at this time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' Motion [11] to Dismiss or, in the Alternative, For Summary Judgment, is **GRANTED**. Plaintiffs' claims against the Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs Gilda H. Davis and Joseph Davis, Jr., are hereby **ENJOINED** from instituting any further action, in any state or federal court, based on the facts alleged in the Complaint, including any causes of action which could have been asserted as well as those which were asserted, without prior approval of this Court. **PLAINTIFFS ARE ADMONISHED THAT A VIOLATION OF THIS INJUNCTION IS TANTAMOUNT TO THE VIOLATION OF A COURT ORDER AND MAY RESULT IN SANCTIONS INCLUDING CONTEMPT OF COURT.**

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2011.

                                          s/ *Louis Guirola, Jr.*
                                          LOUIS GUIROLA, JR.
                                          UNITED STATES DISTRICT JUDGE